Good morning, Your Honors. May it please the Court. My name is Maria Baldivi-Potterman, and I represent Petitioner Solian Dhembi. 26-year-old Petitioner Dhembi has resided in the United States since he was 9 years old. He seeks the reversal of the Board's decision regarding the finding that he has been convicted of an aggravated felony. He also seeks reversal of the Board's decision denying his applications for withholding of removal under the statute as well as under the Convention Against Torture. The first issue that I would like to discuss with the Court this morning is the issue of whether or not his conviction for statutory rape in Wisconsin is an aggravated felony. This case can be clearly distinguished from this Court's most recent decision in Velazquez, Huron. In Velazquez, Huron, this Court was faced with reviewing a California statute which had as an element that the age of the victim was under the age of 16. The Wisconsin statute to which Mr. Dhembi pled guilty states that the victim had attained the age of 16 already. Within this circuit, there are different ages of consent as far as whether sexual intercourse will constitute an aggravated felony and be prosecutable under the state laws. Next door in Indiana, the age of consent is 16. If Mr. Dhembi had had relations with the young woman in Indiana, he would not have been prosecuted. However, instead, he had these relations in Wisconsin and he was convicted for a Class A misdemeanor, the maximum sentence for which was 90 days. He got sentenced to Hubert. He was not ordered to register as a sex offender, which I also believe sets this case apart from this Court's prior precedent. So with respect to the other cases that this Court has decided involving sexual abuse of a minor, I'd like to point out that in Laura Ruiz, this Court stated clearly that USC 1101A-43A was not ambiguous. However, in Velazquez, Huron, this Court stated that when resolving ambiguities in the Immigration and Nationality Act, and sexual abuse of a minor deserves the label ambiguous, I believe that there is an inconsistency in this Court's precedent. If this Court were to adopt that 18 USC 2243A, which is the federal standard involving who is a minor for statutory rape situations, then this Court would carve out an exception to its prior precedent. All of the other statutes involved in this Court's precedent involve victims under the age of 15. Mr. Dunby's case, on the other hand, involved someone who was 16. So is it your position that a state conviction has to fit within 2243 in order to constitute sexual abuse of a minor? Yes, Your Honor, it is. Under federal law, if Mr. Dunby had been prosecuted in federal court, he would not have been convicted. This would not have fit. In looking to try to create a level playing field across the board, 2243A, Your Honor, would fit, especially within the circuit. As I've just described, that there is a split regarding the age of consent within this circuit. In one state, the same acts result in no conviction. In the other two states, they result in a conviction. And we have a disparity in treatment of non-citizens, particularly lawful permanent residents who come here at a young age. So how do you think the Board should define sexual abuse of a minor? Your Honor, the Board should reconsider its precedent under matter of Rodriguez-Rodriguez and instead adopt 2243A as its guide. In matter of Rodriguez, it stated it was using it as a guide. And the facts in that case clearly constituted sexual abuse of a minor. In Mr. Dunby's case, this was consensual relations between a 16-year-old and an 18-year-old. As the Ninth Circuit noted, and then most recently the Fourth Circuit noted in the case of Rangel, the majority of the states now have age 16 as the age of consent, 31 states. Eleven states have the age of consent as 18. The remaining states have the age of consent as 17. The Board should revisit its decision in Rodriguez-Rodriguez and analyze the statutory elements under which a person is convicted. Instead of using Rodriguez-Rodriguez as a broad guide to encapsulate every single type of offense that involves touching or fondling or sexual intercourse between an 18-year-old and a 16-year-old or an 18-year-old and a 17-year-old. So, Your Honor, we respectfully request that this Court distinguish Mr. Dunby's case from its prior precedent based on the elements of the statute and the disparity within the circuit among the three states. With respect to the issues involving withholding of removal under the statute and as well under the convention, the respondent focuses mostly on this Court's precedent involving deferral under the convention against torture. However, Mr. Dunby was eligible for withholding of removal under the convention against torture because the immigration judge found that he had not been convicted of a particularly serious crime for purposes of withholding of removal under 8 U.S.C. 1231b-3. And I just wanted to clarify that because within the Board's decision, the Board noted that the respondent had been convicted of a particularly serious crime, but that was only with respect to asylum because there's a mandatory statutory bar for asylum if someone has been found to be convicted of an aggravated felony. But the immigration judge properly went beyond that and found that he was not convicted of a particularly serious crime for purposes of the withholding statute itself. Mr. Dunby also applied for withholding of removal under the convention against torture. And I recognize that this Court's precedent has had its ups and downs with respect to withholding of removal and convention against torture. However, in Wanjiru, as this Court noted, there are differences between the withholding statute and the deferral, I'm sorry, the withholding regulation and the deferral regulation for purposes of convention against torture. It does not make much sense to allow additional protections and additional judicial review of underlying facts for deferral of removal, but not for withholding of removal. Deferral of removal is reserved for those who have committed particularly serious crimes or other heinous acts, but yet cannot be removed to the country to which they are from or their country of origin or last residence. And there are distinctions, which this Court noted in Wanjiru, regarding the differences between deferral, in that the deferral can be terminated more easily and the government can do so by filing a motion with the Immigration Court or with the Board of Immigration Appeals, or where there has been an affirmative statement by the receiving country that that country will assure that that person will not be tortured. That assurance provision does not exist under the withholding regulation as far as the convention against torture is concerned. However, both withholding of removal under the torture convention and deferral of removal both require the probability of torture that this Court should review. So if this Court found in Wanjiru the ability to review a deferral of removal and it's the same evidentiary standard, this Court should extend Wanjiru to the withholding context of the convention against torture and find that it has jurisdiction to review the claims that he made. In addition, he also made claims that the Board did not review all the evidence in the record. And with that, Your Honors, I'll reserve my time. I just have one quick question. I know you're aware of the Velasco, your own. There's been a petition for cert filed. Yes, Your Honors, filed December 23rd. Right. And so would you recommend that this panel wait until that decision, whether the Supreme Court decides to take that case or not, or do you think we should just go forward? Your Honor, with all due respect, I think this Court should go forward because the elements of the statute are different. The California issue that is presently pending before the U.S. Supreme Court involves a victim whose age was 15, and the statute required that the victim not have attained the age of 16. In this particular case, Mr. Dunby was convicted under a statute that stated that the victim has attained the age of 16. So, again, the Wisconsin statute with that age of 16, this Court can go forward, and we would ask that the Court do go forward to decide it because under 2243A of 18 U.S.C., Mr. Dunby would not be deemed convicted of an aggravated felony. Mr. Dunby, if he is found not to be convicted of an aggravated felony, is statutorily eligible for cancellation of removal. That's a one-time discretionary grant of relief for a lawful permanent resident to retain his permanent residency in the United States. There is no second chance after that, Your Honors, and he cannot readjust through a family member. He was convicted for possession of oxytocin, and there is no waiver under Section 8 U.S.C. 1182H for him to be able to adjust. 1182H only waives one simple possession of 30 grams or less of marijuana or one drug paraphernalia related to 30 grams or less of marijuana. Thank you. Thank you. Ms. Young? Ms. Martin, if you would. May it please the Court. Your Honors, my name is Ashley Martin, and I represent the respondent in this matter. Petitioner Dunby failed to demonstrate that he has not been convicted of an aggravated felony. As a result, the agency properly denied his applications for cancellation of removal and for asylum. Furthermore, Petitioner Dunby does not dispute that he has been convicted for an offense involving a controlled substance. Accordingly, the jurisdictional limitation at 8 U.S.C. 1252A2C applies to limit this Court's jurisdiction to review his applications for withholding of removal under the INA as well as for protection under the Convention Against Torture. For these reasons, the Court should deny the petition in part and dismiss the petition in part. Like my colleague, I would like to begin by addressing the agency's determination that Petitioner Dunby's offense for statutory rape constitutes an aggravated felony for the sexual abuse of a minor. I understand Petitioner's argument to be that the Board should have referred to the Federal Criminal Statute at 18 U.S.C. section 2243 to define sexual abuse of a minor. However, the Court has already rejected that argument in Velasco-Gueron and its decision in Geiskov. But as counsel pointed out, there are some distinguishing factors in that case, the Velasco case, in terms of the age of the alleged victim. Your Honor, it's true that the age of consent is different in this case. Here you have a Wisconsin statute that sets the age of consent at 18. And admittedly, there was a lower age of consent in Velasco-Gueron and Geiskov. But that doesn't provide a material basis to distinguish this case from Velasco-Gueron and Geiskov. This Court has deferred to the Board's decision in matter of Rodriguez. And in matter of Rodriguez, the Board looked at the INA's use of sexual abuse of a minor and noted that Congress chose not to define that term by referring to 18 U.S.C. section 2243 or any other Federal Criminal Statute. Well, does any state crime that fits within 3509A automatically qualify as sexual abuse of a minor? No, Your Honor, not automatically. The Board has held that 18 U.S.C. section 3509 is an interpretive guide. And what does that really mean? It means that the Board should look to that definition in determining whether or not the statute in front of it inherently involves the sexual abuse of a minor. But the agency should not end its analysis simply by looking at 18 U.S.C. section 3509. Rather, the agency should go on to consider whether or not that particular statute prescribes conduct that involves an inherent risk of abuse to the minor. And that's what the Board did here. It looked first to 18 U.S.C. section 3509 and noted properly that the conduct prescribed by this state statute falls within section 3509's definition. In particular, this Wisconsin statute prohibits sexual intercourse with a minor. In other words, someone under the age of 18 and therefore unable to give legal consent. That fits within section 3509, which provides that a crime involving sexual abuse involves sexually explicit conduct with a minor. Well, if Congress meant to define sexual abuse of a minor in INA as equivalent to 3509A, why didn't Congress include a cross-reference to that provision? Your Honor, you're correct. Congress did not particularly refer to section 3509A. And the Board noted that as well in its Rodriguez decision. Congress left the term open for the Board to interpret. And the Board looked at the various federal statutes that refer to sexual abuse of a minor and selected 3509A as being the most appropriate guide that would encompass all of the state crimes that may involve sexual abuse of a minor. Well, we're given the variety of ages in the various states. I mean, isn't there something fundamentally unfair about just the general interpretation of 3509A? Well, Your Honor, that's something that the Board also considered in Rodriguez. The fact that states define crimes differently. In fact, 8 U.S.C. section 1101A43, which lists the aggravated felonies under the INA, expressly says that federal or state crimes may be aggravated felonies. Therefore, Congress intended for various state crimes with the differences among their definitions to be included as aggravated felonies under the INA. Therefore, you are going to see some disparities. The Board noted that the term sexual abuse of a minor was added to the INA with the illegal immigration reform and Immigrant Responsibility Act of 1996. And taking a look at that act, it served the purpose of broadening the criminal grounds for removability from the United States and providing a comprehensive scheme to cover crimes against children. Therefore, the Board noted that sexual abuse of a minor must be interpreted broadly to encompass all of the state crimes that involve sexual abuse of a child. So your bottom line is that treating the federal statute merely as a guide did not oblige the Board to go beyond the definition of sexual abuse in the Federal Criminal Code. It didn't need to look further. Well, Your Honor, my argument is that the Board was required to consider the interpretation at 18 U.S.C. section 3509, but it was also required to consider whether or not the conduct prescribed by this statute involves a risk to a minor. And the Board did that. It expressly considered whether or not there's an inherent risk to a minor whenever this statute is violated. And it is. Sexual intercourse with a minor involves an inherent risk of the exploitation of a minor's less well-developed sense of judgment, as well as the exposure of a minor to the risks attendant to sexual intercourse, such as unintended pregnancy. If Your Honors have no further questions on that issue, I'd like to move on to the jurisdictional issue at section 1252A2C. So let me just get back to the 2022-43. Why isn't that a better guide for what constitutes sexual abuse of a minor? Because under that Wisconsin statute, it would not be a crime. It wouldn't be abusive, and there would be no sexual abuse. Well, for several reasons, Your Honor. Again, Congress chose not to reference section 2243 when adding the term sexual abuse of a minor to the INA. Notably, when defining offenses involving child pornography as aggravated felonies in the INA, Congress specifically defines those offenses by referring to the federal criminal statutes defining offenses involving child pornography. It's very notable that Congress did not do something similar when adding the term sexual abuse of a minor. Furthermore, if you look at the definition of statutory rape at 18 U.S.C. section 2243, I believe it has to involve a victim who is at least 12, and therefore it doesn't include offenses for victims who are under that age. That's for that reason as well. 18 U.S.C. section 2243 does not provide the controlling definition for purposes of immigration law. And finally, as the court discussed in Velasco-Gueron, we're in an arena where there has to be deference to the board's interpretation of a term and the statute that it administers. And here you have the board's interpretation of sexual abuse of a minor and the court's decision as to whether or not to defer to that. The court has already done so in Velasco-Gueron and Geiskov. Moving on to the jurisdictional issue. Petitioner Demby does not dispute that he's been convicted of a crime involving a controlled substance. Therefore, this case falls under 8 U.S.C. section 1252A2C's jurisdictional limitation. The court has repeatedly held that the jurisdictional limitation at 1252A2C applies to claims for withholding of removal under the INA. So here the court may not reach the issue of whether or not the board's denial of withholding of removal under the INA is supported by substantial evidence. Petitioner does argue and urge the court to hold that there is an exception to 1252A2C's jurisdictional limitation for claims under the Convention Against Torture. The court has indicated in several cases in dicta that there may be an exception to that jurisdictional limitation where a case involves an application for deferral of removal. And in particular, those cases are Wanderoo, Isaac, and I believe also Morrell-Salazar. They're all discussed in the briefing. It's noteworthy that in Isaac, Wanderoo, and Morrell-Salazar, those cases all involved applications for deferral of removal under the convention. And we have no such application here. As Petitioner's counsel noted, here we have a petitioner who is eligible for withholding of removal under the convention. Under the regulations, an applicant will only be considered for deferral if he is ineligible for withholding under the convention by virtue of being convicted of a particularly serious crime or otherwise being deemed a danger to the United States. Accordingly, the court's statements regarding applications for deferral do not apply to the present case. Furthermore, the court should not exercise jurisdiction over the claims under the convention here because it is forbidden to do so absent a question of law or a constitutional claim. And that's under the plain words of the governing jurisdictional statutes. At 8 U.S.C. § 1252a4, Congress clearly provided that there shall be no judicial review of a cause or claim under the convention except for when the court is presented with a petition for review of a final order of removal under this section. At 8 U.S.C. § 1252a2c, Congress clearly provided that there shall be no jurisdiction to review a final order of removal where the petitioner was convicted of certain criminal offenses. A2c applies to the order of removal as a whole. Therefore, it clearly applies to all of the agency's administrative determinations regarding all applications for relief and protection and all of the potential risks that a petitioner faces if removed to his native country. Your Honors, if you have no further questions, I'll return my time to the court. All right. Thank you, Ms. Martin. Ms. Paul, will you order me? Your Honors, as the respondent noted, the board chose 18 U.S.C. § 3509a as its guide. We respectfully request that this court distinguish Rodriguez-Rodriguez and adopt 18 U.S.C. § 2243a to determine whether or not a statutory rape conviction where there is consent involved constitutes an aggravated felony. Petition, Your Honors, we also respectfully request this court find jurisdiction over the withholding claims under 8 U.S.C. § 1231b3 and under Article III of the Convention Against Torture. This is not a deferral of removal case. And finally, Your Honors, Mr. Dunby does remain in custody, and the outstanding issue regarding the temporary stay is also before this panel. We request that the stay be granted and that the petition be decided expeditiously based on the length of his custody. Thank you. Thanks to both counsel. Case is taken under advisement.